IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALISHIA L. BRISTOW,<br>    Plaintiff,<br><br>           v.<br><br>WHITE STAR COMMERCIAL, INC.,<br>    Defendant. | Civil Action No.<br>1:21-cv-00183-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Alishia L. Bristow's Application for Default Judgment Pursuant to Federal Rule of Civil Procedure 55(b)(2) [ECF 42]. For the following reasons, the application is **DENIED AS MOOT**. The Court will instead enter default judgment against White Star Commercial, Inc. ("White Star") as a sanction under Rule 16. The Court will **DEFER** its decision on the appropriate damages.

**I.   BACKGROUND**

On January 12, 2021, Bristow initiated this action against White Star by filing a complaint asserting three counts: (1) breach of contract, (2) quantum meruit, and (3) fraud.[1] White Star filed an answer with affirmative defenses, as well as a counterclaim against Bristow.[2] On October 28, the parties filed their Joint

---

[1]   ECF 1.

[2]   ECF 9. Defendant's counterclaim is **DISMISSED** for failure to prosecute pursuant to LR 41.3(A)(1), NDGa.

1

Preliminary Report and Discovery Plan,[3] and on November 8, the Court entered its initial Scheduling Order, ordering the parties to conclude discovery by February 1, 2022.[4]

After receiving an extension on their discovery deadline, the case was referred to a United States magistrate judge for mediation.[5] The parties were unable to reach an agreement,[6] so undersigned set a trial date.[7] Subsequently, Plaintiff filed a motion to continue the trial date,[8] which the Court granted.[9]

On November 28, 2022, the attorney of record for White Star filed a motion for permission to withdraw as counsel,[10] which the Court granted on December 19.[11] Importantly, the Court noted that White Star, as a corporation, must be represented by counsel and ordered White Star to "cause new counsel to enter an

---

[3]   ECF 20.
[4]   ECF 21.
[5]   ECF 32.
[6]   ECF 34.
[7]   ECF 35.
[8]   ECF 36.
[9]   ECF 37.
[10]  ECF 38.
[11]  ECF 39.

appearance on the docket" within 21 days of its order.[12] Failure to do so, the Court warned, "may result in default judgment" against White Star.[13]

To date, no attorney has entered an appearance on behalf of White Star. Plaintiff thus filed a Motion for Clerk's Entry of Default.[14] On September 25, 2023, the Court ordered the Clerk to grant the motion and to enter default against White Star.[15] Additionally, Plaintiff was ordered to file an application for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), including evidence of her damages, and to serve the application on White Star at its last known address.[16] Plaintiff complied with the Court's Order and did so on October 16.[17]

## II. DISCUSSION

### A. Entry of Default Judgment Is Appropriate.

As an initial matter, the Court finds that it is without power to enter default under Fed. R. Civ. P. 55. The text of Rule 55 permits the entry of default judgment only where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The former Fifth Circuit explained that the

---

12   *Id.*

13   *Id.*

14   ECF 40.

15   ECF 41.

16   *Id.*

17   ECF 42.

words "'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949) ("When [defendant] by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him . . . When neither [defendant] nor his attorney appeared at the trial, no default was generated; the case was not confessed."). Because White Star not only filed an answer in this case, but substantially participated in this litigation (including partaking in discovery and mediation), default judgment is not appropriate under Rule 55.

However, Fed. R. Civ. P. 16(f) permits courts to enter default as a sanction for parties failing to comply with pretrial orders. Specifically, the rule allows the Court to "on its own . . . issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). And, Fed. R. Civ. P. 37(b)(2)(A)(vi) renders "default judgment against the disobedient party" an available sanction. "[T]he severe sanction of a . . . default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). *See Kearney Mach. & Supply Inc. v. Shenyang Mach. Tool Co.*, No. 2:19-cv-1828-ACA, 2022 U.S. Dist. LEXIS 118494 (N.D. Ala. July 6, 2022) (granting default judgment under Fed.

R. Civ. P. 16 and 37 where, after defendant had engaged in some discovery, its attorneys withdrew, and defendant subsequently ignored discovery requests and two court orders directing defendant to cause new counsel to appear).

Default judgment against White Start is warranted in this case under Rule 16(f). White Star has failed to obey the Court's order compelling it to cause new counsel to appear on its behalf, despite the Court's warning that its failure to do so may result in default. It has offered no reason justifying its failure and has not participated in this litigation since its original counsel of record withdrew over a year and a half ago. In short, it has dropped out of this litigation entirely. The Court cannot formulate any lesser appropriate sanction than default. Accordingly, pursuant to Rule 16(f), the Court enters default judgment against White Star as a sanction for its refusal to comply with this Court's order to cause new counsel to appear on its behalf and proceed to trial.[18]

In addition, Rule 16 provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). White

---

[18] ECF 39.

Star has offered no justification—much less substantial justification—for its failure to obey this Court's order and its failure to cause new counsel to appear. The Court finds no circumstances exist that would make an award of expenses unjust. Accordingly, the Court will award Bristow reasonable expenses, including attorney's fees, that she incurred due to White Star's failure to comply with the Court's order.

### B. The Court Will Hold an Evidentiary Hearing on Damages.

When the Court enters a default judgment under Fed. R. Civ. P. 37(b), an award of damages cannot properly be entered "without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). In other words, damages may be awarded "only if the record adequately reflects the basis for award" via "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at 1544.

Bristow is asking for $267,861.64 in damages.[19] These damages are neither a liquidated sum, nor one that the Court is able determine via mathematical calculation, despite the documents submitted by Bristow.[20] While the submitted

---

[19]  ECF 43, at 5.

[20]  ECF 43-1; 43-2; 43-3; 43-4. The Court reviewed these documents but was unable to determine how Bristow reached the $267,861.64 figure she claims she is owed.

invoices include entries for the date, rate, description, and remaining balance of certain payments, they do not clearly establish the monetary figure Bristow seeks because the invoices lack the necessary context. Bristow also did not produce the contract over which this dispute stems. Because the Court cannot determine Bristow's damages without more information, it will hold an evidentiary hearing concerning the same. Bristow may, at that time, amend her request for fees and otherwise perfect the record.

### III. CONCLUSION

For the foregoing reasons, Bristow's application for default judgment under Rule 55 [ECF 42] is **DENIED AS MOOT** and the Court will enter default judgment against White Star as a sanction under Rule 16(f). An evidentiary hearing on damages will be set by separate order.

The Clerk of Court is **DIRECTED** to mail a copy of this order to White Star Commercial, Inc. at the address listed on the docket.

**SO ORDERED** this 22nd day of July, 2024.

                                      Steven D. Grimberg
                                  United States District Judge